## ELSWORTH et al. v. HINTON et al.

### (Supreme Court, General Term, First Department. January 28, 1889.)

1. TRUSTS—SUCCESSOR OF TRUSTEE—POWER OF SURROGATE—WHO MAY QUESTION.
    The executors of a deceased testamentary trustee cannot question the surrogate's power, under Code Civil Proc. N. Y. § 2818, to appoint a successor, as they are not interested therein.

2. SAME—ACCOUNTING—NOTICE—REMAINDER-MEN.
    Accounts of trustees filed before and passed by the surrogate under a trust to pay the income of a fund to certain life-tenants, with remainder over, are binding on the remainder-men, though they had no notice of their presentation, so far as they affect the income only, and not the corpus, of the fund.

Motion for new trial on exceptions.

Henry Elsworth and another, executors of the will of Edward Elsworth, deceased, filed a complaint for an account of their testator's transactions as trustee under the will of Henry Elsworth, deceased, to which Mrs. Sarah Hinton and other beneficiaries under said will were parties.

Plaintiffs sought to account in this suit from June 13, 1884, and the court held that they should account to the life-beneficiaries from that date, but to the remainder-men from the beginning of the estate, January, 1873. Edward Elsworth, at his decease, on June 23, 1886, was the sole surviving executor and trustee named in the will of his brother, Henry Elsworth, who died on January 18, 1873, and the plaintiffs, as the executors of Edward Elsworth, brought this action in April, 1887, for an accounting in behalf of their testator, Edward Elsworth, "in respect to all matters and things pertaining to, or in any way affecting, the trusts of the last will and testament, and the estate, of the said Henry Elsworth, deceased, so far as the estate of Edward Elsworth, deceased, and these plaintiffs may be interested therein, and so far as the same are yet undetermined, and not fully closed and settled, and that such account be stated," etc. The complaint alleged that after the death of Edward Elsworth, and on November 12, 1886, and on December 23, 1886, certain orders were entered in the New York surrogate's court, in compliance with which the plaintiffs transferred the estate of Henry Elsworth (with an exception not material·in this case) to the Union Trust Company of New York, and that since the entry of said two surrogate's orders, and in compliance therewith, the defendants Jacob A. Geissenhainer and Eugene Underhill had taken and assumed, in some measure, rights and liabilities as trustees of the trusts created by the last will and testament of Henry Elsworth, deceased. The defendants Geissenhainer and Underhill, as pointed out, were originally named as defendants in their original capacity. They answered, setting up that the surrogate's orders of November 19, 1886, and December 23, 1886, referred to in the complaint, and a further decree of the New York surrogate's court entered January 8, 1887, appointed them testamentary trustees, under the will of Henry Elsworth, in the place of the plaintiff's testator, and said that they had duly qualified. They asked that because of the defect of parties from the plaintiff's failure to make them parties as·such trustees, instead of in their individual capacity, the complaint be dismissed as to them individually. On the trial, however, the attorney for Messrs. Geissenhainer and Underhill,

as testamentary trustees, after the surrogate's decrees had been put in evidence establishing their trusteeship, on their behalf, as well on behalf of all these defendants, joined in the prayer of the complaint, and asked judgment that the plaintiffs account. The defendants Henry E. Gregory and Lewis Gregory answered, and asked that plaintiffs account; and the infant defendants, putting in the usual answer, submitted themselves to the protection of the court. In accordance with the findings establishing the trusteeship of Geissenhainer and Underhill, and with the aforesaid request of their attorney on the trial, the court directed that said Geissenhainer and Underhill be made parties in their representative capacity instead of individually. Such an order was duly entered January 3, 1888, which was two weeks before the entry of the judgment herein, the latter having been entered January 17, 1888, and no appeal has been taken from such order of January 3, 1888. Immediately after the entry of the order, said Geissenhainer and Underhill, in their representative capacity, appeared by their attorneys, and the summons and complaint were amended accordingly, and all the other proceedings were taken against the said Geissenhainer and Underhill as testamentary trustees. Henry Elsworth died January 18, 1873, leaving a will and codicil thereto, which were admitted to probate by the surrogate of New York, February 1, 1873, and letters testamentary were issued to John Elsworth, Edward Elsworth, (plaintiff's testator,) and Edward Giraud, Jr. Mr. Giraud died June 24, 1873, John Elsworth died May 22, 1874, and plaintiff's testator, Edward Elsworth, died June 23, 1886. Henry Elsworth made a provision for his widow out of his estate, and specifically devised some property to his two daughters, the defendants Mrs. Sarah Hinton and Mrs. Mary Gregory, and provided an annuity for the latter, besides giving some legacies to different persons, and then provided as follows: "*Ninth.* All the rest, residue, and remainder of my estate, real and personal, I give, devise, and bequeath to my said executors, the survivors and survivor of them, in trust for the uses and purposes hereinafter mentioned, that is to say: To sell and convey (provided they have the consent thereto of my wife, if she be living) or to lease my real estate not herein specifically devised, or any part thereof, for such price or prices, or upon such terms, as they may think proper, and to keep the principal invested, with all the principal of such residue of my estate, so as to produce the best income which in their judgment it will afford. One-half of such residue and remainder I direct shall be set apart, and the income thereof paid over by my executors semi-annually to my wife, Mary Elsworth, for and during her natural life. Upon the decease of my wife, I direct my executors to pay over the income of that half of said residue and remainder to my daughter Mary Gregory, semi-annually, during her natural life. At her decease, or if she should die before her mother, then at the decease of my said wife, I give, devise, and bequeath to the children of my said daughter Mary equally that half part of the residue and remainder of my estate, to have and to hold them and their heirs forever; it being my intention that, if any of such children should then be dead, leaving descendants, that such descendants should take the parent's share. The other half of such residue and remainder of my estate I direct my executors to set apart, and pay over the income thereof semi-annually to my daughter Sarah Hinton, for and during her natural life, and at her decease I give, devise, and bequeath the same to her children then living, equally, to have and to hold to them and their heirs forever; it being my intention that, if any such children should then be dead, leaving descendants, that such descendants should take the parent's share."

Henry Elsworth left him surviving a widow, who died February 17, 1882, and his two aforesaid daughters, Mrs. Hinton and Mrs. Gregory, and his grandchildren—*First,* the children of Mrs. Hinton, to-wit: The defendants Alfred P. Hinton, in his thirteenth year; Clara Hinton, in her sixteenth year; Susan M. Hinton, in her tenth year; and Helen M. Hinton, in her eighth

year; and, *second,* the children of Mrs. Gregory, to-wit: The defendants Henry E. Gregory, in his sixteenth year; Lewis Gregory, in his fifteenth year; Bertha Gregory, in her seventh year; and Fanny K. Gregory, in her fifth year. Subsequently to testator's death there were born the defendants Edward E. Gregory, on January 20, 1873, and Isabel M. Gregory, on March 2, 1887. The plaintiffs claimed that their testator had in his life-time fully accounted as trustee down to June 13, 1884, and claimed that, at that date, a final decree was entered, settling his accounts. The special term of this court gave force and recognition to such accountings, and the decrees entered thereon, only so far as to hold that the decrees bound Mrs. Hinton and Mrs. Gregory, the life-beneficiaries, but held them not to affect the grandchildren, the remainder-men; the plaintiffs not even claiming that the grandchildren were cited upon or parties to such accountings. The first accounting relied on by plaintiffs appears by a decree of the New York surrogate's court dated June 24, 1874. It is entitled, "In the Matter of the Final Accounting of John Elsworth and Edward Elsworth, Executors of the Last Will and Testament of Henry Elsworth, Deceased." It recites that said parties had made an application to the surrogate for a final settlement of their account as such executors, and that a citation had been issued, pursuant to statute, directed to all persons interested in the estate of the deceased, and that the citation had been returned with proof of the due service thereof on Mary Elsworth, (the widow,) Mary Gregory, and Sarah Hinton; "they being the only persons now interested in said estate." The decree directed that Edward Elsworth hold the balance of the estate in the capacity as trustee under the will. The next decrees contained recitals similar to the one quoted above, and were dated, respectively, June 30, 1876, June 26, 1879, May 10, 1881, and June 13, 1884. It distinctly appeared by allegations of the complaint, not controverted by either answer, and it was also proved by the plaintiffs on the trial, that there were parties, other than those mentioned in the surrogate's decrees as having been cited, who were interested in the estate, namely, the grandchildren above named. On June 30, 1886, the defendant Henry E. Gregory, one of the grandchildren of Henry Elsworth, filed a petition praying for the appointment of testamentary trustees in the place of Edward Elsworth, deceased, and, pending the proceeding in such petition, Mrs. Hinton and Mrs. Gregory, the life-beneficiaries, filed their petition, praying that the Union Trust Company be appointed the depository of the trust-estate, and the defendants Geissenhainer and Underhill trustees; and on November 19, 1886, an order was entered in the New York surrogate's court authorizing said trust company to receive such estate as the depository thereof, and appointing Geissenhainer and Underhill said trustees. It then became necessary to compel plaintiffs to turn over the trust-estate, and for that purpose a proceeding was taken in the surrogate's court, by which the plaintiffs were forced to surrender the trust-estate to the surrogate's court, and it was under such proceeding that the trust company obtained possession of the estate. After the trust-estate had been delivered to the trust company, as the depository for the surrogate's court, that court fixed the amount of the bond to be given by the trustees, and the appointment of the trustees was completed. Upon the rendition of the interlocutory judgment the plaintiffs excepted, and moved for a new trial, as provided in Code Civil Proc. N. Y. § 1001.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Coursen & Coursen,* for plaintiffs. *Norwood & Coggeshall,* for defendants.

BRADY, J. The learned justice in the court below was of the opinion that upon the respective accountings which took place, although they related exclusively to income, the grandchildren, who had a contingent future estate under the will, were entitled to notice, and, not having received any, the de-

crees of the surrogate were not binding upon them. He also thought that the appointment of the trustees mentioned in the statement of facts was correct, under section 2818 of the Code, and that the decree of the surrogate in reference to the accounts could be attacked collaterally, so far as they affected the grandchildren, for the reason that he had no jurisdiction over them in the proceeding by the failure to give them notice, and, issue being taken by the plaintiffs, the propriety of these different rulings is presented for our consideration. The learned judge in the court below was of the opinion that the language, "a sole testamentary trustee," in section 2818, conferred upon the surrogate authority to appoint a successor of a "sole surviving trustee;" the language employed in section 2818 indicating an intention to confer plenary powers upon him, including those which in this respect had been exercised exclusively by the supreme court. He thought that, if the words "sole testamentary trustee" were ambiguous, there was no good reason why they should receive the narrow construction contended for. It is not deemed at all necessary to decide this question, for the reason that the only persons interested in the appointment are the life-tenants and the remainder-men. If they choose to submit to it, the responsibility must rest with them. The plaintiffs have no such interest in it as to justify their assault upon the power to make it. It may be suggested here, however, that the supreme court, it would seem, never had the power mentioned. It is said sometimes that such authority was conferred by the statute, and the appointee is designated as a trustee, but reference to the provisions of the statute will show that, upon the death of a surviving trustee, the trust, if then unexecuted, shall vest in the supreme court, and shall be executed by some person appointed for that purpose under the direction of the court. 2 Rev. St. (6th Ed.) p. 1110, § 81, (see 68.) This person would seem to be therefore the servant of the court only. The trust remains with it absolutely.

In reference to the accounting ordered, it is deemed necessary to say only that the former accountings, affecting but the income, as alleged, are conclusive against the life-tenants and the remainder-men, unless they involve the *corpus* of the trust, wholly or partially, in which case they would conclude the life-tenants only, the remainder-men not having received notice of their presentation; and, further, that, inasmuch as the last surviving testamentary trustee is dead, the accounting ordered is proper as to the income not accounted for, if any, and the *corpus* of the estate, in which both classes of beneficiaries have an interest, and it should proceed, therefore, as directed. For these reasons it is thought that the interlocutory judgment should be modified so far as necessary to make it conform to this opinion. All concur.